## BRYAN vs. COX.

Surety on an appeal bond, is answerable, though execution has not issued or demand made of the principal.

Whether the penalty of a bond can be demanded before the defendant is *en demeure,* quere?

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The question presented in this case is, whether the surety on an appeal bond, be liable where no execution has been issued, or demand made of the principal.

The negative has been supported on the following grounds.

The bond is a penal one. The penalty is forfeited only when the obligor is in delay, *en demeure.* The debtor is not in delay until judicial demand. The condition of this bond was, that the defendant only became responsible on his principal failing to perform the judgment rendered against him, or satisfying the execution which might issue thereon. *Poth. on ob.* 144, 350. *Civ. Code,* 284, 130.

This obligation being a judicial one, the defendant has no right to claim discussion. He is subject to the same responsibility, as the principal.

Now, in a suit against the principal, it appeas to us, that if the defence were performance of the judgment, proof of that defence would be required from the defendant. The plaintiff could not be called on to prove a negative. The possession of the bond would be as strong proof of his right to bring action on it, as that of a note or bill of exchange would be, to call on the maker for payment.

The authorities referred to, as to the necessity of putting the defendant *en demeure* by a judicial demand, have no application to this case. This is not an action to exact the penalty; if it were, *perhaps* the defendant might insist, that until he was put *in delay*, it could not be exacted from him. This petition merely requires the defendant to comply with the agreement, to enforce which the penalty was annexed.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Maybin* for the plaintiff, *Strawbridge* for the defendant.